IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS ANTHONY GRANDINETI,<br><br>Plaintiff,<br><br>v.<br><br>REDWOOD TOXICOLOGY LABS; CORRECTIONS CORPORATION OF AMERICA; INVERNESS MEDICAL; SAGUARO CORRECTIONAL CENTER; STATES OF CALIFORNIA, HAWAII, ARIZONA, TENNESSEE, VIRGINIA, AND MISSISSIPPI; NORTHWEST MISSISSIPPI REGIONAL MEDICAL CENTER,<br><br>Defendants. | No. C 17-6847 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

On November 29, 2017, plaintiff, an inmate at the Saguaro Correctional Center, filed a complaint against various drug labs and states for producing false drug lab reports. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is **DISMISSED** for failure to state a cognizable claim for relief.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff's claims for money damages against the state defendants are barred by the 11th Amendment. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985).

Plaintiff's claims that various drug labs in California, Virginia, and Arizona, have conspired with his prison to issue false or incorrect results of his drug tests are incomplete and not in the correct venue. These claims are incomplete because he has not explained what impact, if any, such false reports have had on him. Plaintiff could cure this deficiency in an amended complaint, but such a complaint should not be filed in this district. None of the

2

defendants are located in the same district, and as a result the best venue for plaintiff's claims against them — should he amend his claims — is the venue in which plaintiff is located because that is where the most substantial part of the events giving rise to his claims took place. *See* 28 U.S.C. § 1391(b). Plaintiff is located in the venue of the District of Arizona. Accordingly, the complaint will be dismissed without prejudice to filing his claims in the District of Arizona. *See* 28 U.S.C. §§ 1404(a), 1406(a).

## CONCLUSION

For the reasons set out above, this case is **DISMISSED** for failure to state a cognizable claim for relief. The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: February 1, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE